**Vincent TERIO, Plaintiff–Appellant,**

v.

**Brian WING, Commissioner, Office of Temporary and Disability Assistance of New York State Social Services; Mark Lacivita, Director of Administrative Fair Hearings of New York State Social Services, Defendants–Appellees.**

**Docket No. 02–7544.**

United States Court of Appeals, Second Circuit.

Oct. 31, 2003.

Vincent Terio, Fishkill, N.Y., for Appellant, pro se.

Kathleen M. Treasure, Ass't Sol. Gen., Albany, N.Y., for Appellees.

Present: FEINBERG, KEARSE, and RAGGI, Circuit Judges.

### SUMMARY ORDER

Plaintiff Vincent Terio appeals from a judgment of the United States District Court for the Northern District of New York, Thomas J. McAvoy, *Judge*, dismissing his complaint brought under 42 U.S.C. § 1983, which alleged that defendants Brian Wing, *et al.*, officials of New York State ("State"), violated his rights to due process and equal protection (a) by denying him medical assistance and Medicaid because of his receipt of certain veterans' benefits payments, and (b) by refusing to treat payments made by the United States Veterans Administration for Terio's medical treatment as if they were payments made by Terio himself. Pursuant to Fed. R.Civ.P. 12(b)(6), the district court dismissed the complaint against the individual defendants on the ground that it did not allege that those defendants personally participated in the denial of Terio's benefits claims, and dismissed the claims for declaratory and injunctive relief against the State for failure to state a claim on which relief can be granted for deprivations of due process or equal protection. To the extent that the complaint could be viewed as asserting claims against the State for monetary relief, the court dismissed pursuant to Fed.R.Civ.P. 12(b)(1) on the ground of Eleventh Amendment immunity. On appeal, Terio argues that no provision of State law required the inclusion of his veterans' benefits payments as income affecting his eligibility to receive medical assistance and Medicaid, and that the State's treatment of his veterans' benefits payments as income violated his right to equal protection because the State does not similarly treat benefits payments made to veterans as a result of their exposure to "Agent Orange" or other herbicides. Finding no ground for reversal, we affirm the judgment substantially for the reasons stated in Judge McAvoy's Decision & Order dated April 20, 2002.

The Eleventh Amendment bars claims for monetary relief against the State, its agencies, or its officials sued in their offi-

cial capacities. *See, e.g., Edelman v. Jordan,* 415 U.S. 651, 663, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). Further, a claim for damages under § 1983 may not be maintained against a State official in his individual capacity absent an allegation that the individual was personally involved in the challenged conduct or decision. *See, e.g., Colon v. Coughlin,* 58 F.3d 865, 873 (2d Cir.1995); *Wright v. Smith,* 21 F.3d 496, 501 (2d Cir.1994); *Leonhard v. United States,* 633 F.2d 599, 621 n. 30 (2d Cir. 1980), *cert. denied,* 451 U.S. 908, 101 S.Ct. 1975, 68 L.Ed.2d 295 (1981). As there is in the complaint no allegation as to any involvement by the individual defendants in the decisions to deny Terio medical benefits, the district court correctly dismissed the complaint to the extent that it requested monetary relief.

■ In order to state a claim on which relief can be granted for denial of due process, a plaintiff must allege, *inter alia,* that he has been deprived of a protectible property interest without having been allowed a hearing at a meaningful time and in a meaningful manner. *See, e.g., Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 542, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985); *Mathews v. Eldridge,* 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). As Terio could have filed an Article 78 proceeding in state court to challenge the denial of his claim for benefits, *see* N.Y. C.P.L.R. § 7801 *et seq.* (McKinney 1994), the complaint failed to state a claim for denial of due process.

■ In order to state a claim on which relief can be granted for denial of equal protection, a plaintiff must allege, *inter alia,* that he was treated differently from other similarly situated individuals. *See, e.g., Harlen Associates v. Incorporated Village of Mineola,* 273 F.3d 494, 499 (2d Cir.2001). Although Terio alleges that he was treated differently from veterans injured by reason of their exposure to "Agent Orange," the complaint reveals that, with respect to the injuries for which he receives veterans benefits, he was not situated similarly to those veterans. The complaint does not allege that Terio's injuries during his military service resulted from any involuntary or unknowing exposure to harmful substances but rather alleges that those injuries resulted from his performance as a boxer. Accordingly, the district court properly concluded that the complaint failed to state a claim for denial of equal protection.

We have considered all of Terio's contentions on this appeal and have found in them no basis for reversal. The judgment of the district court is affirmed.